IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY BARTIE, (TDCJ-CID #01430148) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-07-1668 |
| ABECIE DYER, *et al.*, Defendants. | § § § § | |

## MEMORANDUM AND OPINION

Leroy Bartie, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, has filed a pleading entitled "Motion for a Writ of Habeas Corpus by a Person in Harris County Jail." Through telephone inquiry, the court has learned that Bartie was transferred to the TDCJ-CID on May 8, 2007. The court grants Bartie's constructive motion to proceed *in forma pauperis*. (Docket Entry No. 1).

Federal courts have jurisdiction to entertain a writ of habeas corpus in behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A habeas petition is the proper vehicle to seek release from custody, not to challenge the conditions of confinement or prison procedures. *See Carson v. Johnson*, 112 F.3d

818, 820 (5th Cir. 1997); *see Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). A writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Suits brought under 42 U.S.C. § 1983 are the proper vehicle to attack conditions of confinement and prison procedures. *See Carson*, 112 F.3d at 820; *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas claims with section 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Though styled as a petition for a writ of habeas corpus, Bartie alleges civil rights violations resulting from a denial of due process. The court will treat Bartie's pleading as a complaint under 42 U.S.C. § 1983. Bartie, proceeding pro se, sues the following defendants: Abecie Dyer, Ronnie Kinsey, and Cody Kinsey who are apparently private citizens; Charles Bacarisse, Harris County District Clerk; Lief Erickson, defense counsel; and Tommy Thompson,[1] Sheriff of Harris County.

The threshold issue is whether Bartie's claims should be dismissed as frivolous.

---

[1] Though Bartie names "Tommy Thompson," the court presumes he is referring to Tommy Thomas, Sheriff of Harris County.

The court concludes that Bartie's claims lack merit and should be dismissed for the reasons stated below.

## I.      Plaintiff's Allegations

Bartie complains that he is being confined illegally following a coerced guilty plea. Bartie states that he wishes to file complaints against the following individuals: against Abecie Dyer for theft of a motor vehicle; against Cody Kinsey for trespassing, assault, and burglary of a habitation; and against Ronnie Kinsey for trespassing and assault with a deadly weapon. Bartie asserts that Cody Kinsey and Ronnie Kinsey entered Bartie's home. Bartie states that he had a right to protect his home and person.

Bartie complains that his defense attorney has violated the attorney/client privilege. Counsel misled Bartie in an effort to force Bartie to enter a guilty plea. Though Bartie paid counsel, Bartie maintains that counsel was working for the State. Tommy Thompson has conspired with defense counsel and the prosecutor to force Bartie to enter a guilty plea.

Bartie asks for an opportunity to present his civil rights claims.

Bartie seeks $5,000,000 in damages. Bartie further states that he deserves his freedom under the laws of the United States.

## II.   Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Bartie's complaint is that he was improperly charged and convicted of an unspecified offense. The court's online research reveals that on March 20, 2007, Bartie was convicted of aggravated assault and sentenced to a five-year prison term in cause number 1067459. The complaint challenges the involuntariness of Bartie's guilty plea and the ineffective assistance of his trial counsel. A ruling granting Bartie the relief which he seeks would necessarily implicate the validity of his conviction in Cause Number 1067459, and inevitably affect the duration of his confinement.

Under *Heck,* Bartie must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Bartie cannot make such showing. He has not alleged that his conviction in Cause Number 1067459 has been reversed, invalidated or otherwise expunged.

Until Bartie receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S.Ct. 1601 (2001) ("Because [plaintiff] is seeking damages

pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery. . . ."). Bartie's claims challenging his conviction for aggravated assault are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Bartie's claims against Lief Erickson, Charles Bacarisse, and Tommy Thompson are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

The court finds that Bartie's claims against the remaining defendants lack merit. "To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). The Due Process Clause of the Fourteenth Amendment does not, as a general matter, require the government to protect its citizens from the acts of private actors. *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989). In order to have a viable claim under 42 U.S.C.

§ 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir. 1988). The Court in *West* concluded that, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. 487 U.S. at 49 (citing *United States v. Classic,* 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations that Defendants Abecie Dyer, Ronnie Kinsey, and Cody Kinsey, are state actors. The allegations indicate that these defendants are private citizens. Any deprivation Bartie allegedly suffered from these defendants was not "under color of state law."

In order for a private citizen to be held liable under § 1983, the plaintiff must allege that the citizens conspired with or acted in concert with state actors. *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir. 1989). The Fifth Circuit has held that a non-state actor may be liable under § 1983 if the private citizen was a willful participant in a joint activity with the State or its agents. *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994). The plaintiff must allege: (1) an agreement between the private and

public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Cinel,* 15 F.3d at 1343. "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County,* 354 F.3d 414, 420 (5th Cir. 2004)(citing *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986)).

While it is possible, in limited circumstances, to allege a § 1983 conspiracy against a private actor, Bartie fails to do so. In his complaint, Bartie merely states that he wished to file complaints against the following individuals: against Abecie Dyer for theft of a motor vehicle; against Cody Kinsey for trespassing, assault, and burglary of a habitation; and Ronnie Kinsey for trespassing and assault with a deadly weapon. His complaint does not contain any allegations of conspiracy by these defendants to violate his civil rights. Even if this court liberally construed his complaint to allege a conspiracy, such allegations are entirely conclusional and do not allege specific facts sufficient to show an agreement between these private actors and the state or its agents to commit an illegal act.

In *Mobray v. Cameron County, Tex.,* 274 F.3d 269 (5th Cir. 2001), the court found that a prisoner plaintiff failed to state a claim when he sued a family member (who was not a state actor) alleging a conspiracy to violate his civil rights pursuant to § 1983. In *Mobray,* the court held that plaintiff's allegations that a private citizen

met with the police, answered their questions and took an interest in the criminal investigation of the plaintiff did not state a claim under § 1983. *Id.* at 278. Likewise, Bartie's allegations that Abecie Dyer, Cody Kinsey, and Ronnie Kinsey committed criminal acts does not state a claim for conspiracy. Therefore, dismissal for failure to state a claim is appropriate. *See also Priester v. Lowndes County*, 354 F.3d at 421 (holding that dismissal was appropriate under § 1983 because complaint did not allege an agreement between defendants to commit an illegal act, nor does it allege specific facts to show an agreement).

Bartie has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Bartie's civil rights claims against Abecie Dyer; Ronnie Kinsey; Cody Kinsey; Charles Bacarisse; Lief Erickson; and Tommy Thompson are DISMISSED as frivolous.

### III. Conclusion

Bartie's constructive motion to proceed *in forma pauperis*, (Docket Entry No. 1), is GRANTED. The action filed by Leroy Bartie, (TDCJ-CID Inmate #01430148), lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

To the extent Bartie seeks habeas relief based on the involuntariness of his

guilty plea and ineffective assistance of counsel, the court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Bartie may challenge the voluntariness of his guilty plea and the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Bartie's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

    (1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)	the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)	the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on \_\_\_\_May 24\_\_\_\_, 2007.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE